Dear Mr. James:
You advise this office that you currently hold the full-time position of Confidential Assistant to the Secretary for the Louisiana Department of Revenue. You ask if state law prohibits you from also serving as an appointed member of the Recreation and Park Commission for the Parish of East Baton Rouge.
The provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., contemplate the holding of two or more elective or appointive offices and/or employments as defined by La.R.S. 42:62. Of interest here is the definition of "appointive office" as provided by La.R.S. 42:62(2):
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
 The position of Confidential Assistant to the Secretary of the Department of Revenue is created by La.Const. Art. X § 2(B)(7) and appointed by the Secretary of Revenue.[1] This position is considered an appointive office because the *Page 2 
position is "specifically established . . . by the constitution . . . of this state" and is further appointed by an "appointed public official", the Secretary of Revenue.
 This position is also held on a full-time basis as defined by La.R.S. 42:62(4).[2] The Recreation and Park Commission for the Parish of East Baton Rouge is created by La.R.S. 33:4570.[3] The Commission consists of nine members; six members are appointed by the Metropolitan Council, the governing authority for the City of Baton Rouge and Parish of East Baton Rouge, while the remaining three members are the Mayor or a city employee or officer designated by the Mayor; a member of the school board; and a member of the planning commission. See La.R.S. 33:4570.1 (A).[4] *Page 3 
An individual appointed under La.R.S. 33:4570.1(A) to serve as a member of the Recreation and Park Commission for the Parish of East Baton Rouge holds appointive office because the position is created by statute and appointed by a body of elected officials, the Metro Council. This position is held on a part-time basis as defined by La.R.S. 42:62(5). The dual officeholding laws prohibit one from holding two full-time appointive offices, but do not prohibit the concurrent service if one of the positions is held on a part-time basis. See La.R.S. 42:63(E).[5] Because one of the appointed positions considered here is held on a part-time basis, it is the opinion of this office that the dual officeholding provisions would not prohibit one from holding both positions simultaneously. We have also reviewed the incompatibility provisions of La.R.S. 42:64, and are unaware of any facts which would raise concern under those provisions. It is the opinion of this office that the dual officeholding statutes do not prohibit you from serving as Confidential Assistant to the Secretary of the Department of Revenue while serving as an appointed member of the Recreation and Park Commission for the Parish of East Baton Rouge. However, please be advised that the opinion of this office is limited to an examination of the dual-officeholding statutes. This office does not address any potential conflicts which might arise under the Code of Governmental Ethics, La.R.S. 42:1111, et seq. For an opinion addressing the application of the Code of Governmental Ethics to this matter, please contact the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.Const. Art. X § 2(B)(2) and (7) provide, in pertinent part:
 (B) Unclassified Service. The unclassified service shall include the following officers and employees in the state and city civil service:
 * * * (2) the heads of each principal executive department appointed by the governor, the mayor, or the governing authority of a city;
 * * * (7) one person holding a confidential position and one principal assistant or deputy to any officer, board, commission, or authority mentioned in . . . (2) . . . above, except civil service departments;
 The Secretary of the Department of Revenue is appointed by the Governor pursuant to La.R.S. 36:453; as such, the Secretary is the head of a principal executive department appointed by the governor under La.Const. Art. X § 2(B)(2).
[2] La.R.S. 42:62(4) and (5) provide:
 (4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
[3] La.R.S. 33:4570 provides:
 The Recreation and Park Commission for the Parish of East Baton Rouge; creation There is hereby created the Recreation and Park Commission for the Parish of East Baton Rouge, whose authority shall extend to the whole parish, inclusive of the territorial limits of the city of Baton Rouge, as those limits are now or may hereafter be fixed and determined.
[4] La.R.S. 33:4570.1(A) provides:
 A. The commission shall be composed of three ex officio members and six appointed members for a total of nine commissioners. The ex officio members shall be the mayor-president, or an officer or employee of the city or parish designated by the mayor-president from time to time; a member of the school board of East Baton Rouge Parish, designated by the school board for a term coincident with his term on the school board; and a member of the planning commission designated by the planning commission for a term coincident with his term on the planning commission. The six appointed members shall be qualified voters of the parish appointed by the metropolitan council for terms of three years. Vacancies shall be filled by the designating or appointing body for the unexpired portion of the term. All commission members shall serve without compensation.
[5] La.R.S. 42:63(E) states:
 E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.